Filed 4/21/22  P. v. Bearup CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DONALD BEARUP,<br><br>Defendant and Appellant. | F080112<br><br>(Super. Ct. No. BF172287A)<br><br>**OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  Brian M. McNamara, Judge.

Kristin Traicoff, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Ivan P. Marrs, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P. J., Peña, J. and Meehan, J.

## INTRODUCTION

The court convicted Donald Bearup (appellant) of assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4))[1] and found true enhancements for personally inflicting great bodily injury (§ 12022.7, subd. (a)) and having served a prior prison term (§ 667.5, subd. (b)). The court sentenced appellant to eight years in state prison.

On appeal, appellant contends his jury trial waiver was not knowing, intelligent, and voluntary. We conclude based on the totality of the circumstances that the waiver was valid. Appellant also contends his prior prison term enhancement must be stricken in light of recently enacted legislation. We agree and remand the matter to the trial court to conduct " 'a full resentencing as to all counts.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)

In supplemental briefing, appellant claims the matter should be remanded for resentencing in light of newly enacted Assembly Bill No. 518 (2021-2022 Reg. Sess.) and Senate Bill No. 567 (2021-2022 Reg. Sess.). Because appellant must be fully resentenced, we need not address these claims. On remand, appellant may raise these claims in the trial court if he so chooses.

## BACKGROUND

Appellant's convictions are based on the assault of L.F. in front of a convenience store. The evidence at trial showed appellant knocked L.F. to the ground and kicked him several times rendering him unconscious. We need not discuss the facts underlying appellant's conviction in detail because they are not relevant to this appeal.

The Kern County District Attorney's Office filed an information charging appellant with assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); count 2) and battery causing serious bodily injury (§ 243, subd. (d);

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

count 1).  As to each count, the People alleged an enhancement for the personal infliction of great bodily injury.  (§ 12022.7, subd. (a).)  The People also alleged three prior prison term enhancements.  (§ 667.5, subd. (b).)

Appellant was arraigned on the information on June 18, 2018, and the matter was set for jury trial.  Criminal proceedings were suspended on November 28, 2018, when appellant's counsel declared a doubt as to appellant's competency pursuant to section 1368.  On January 7, 2019, the court found appellant not competent to stand trial based on the report of a court-appointed mental health examiner.  Criminal proceedings were reinstated on April 9, 2019, when the court found appellant had regained competency.  Appellant's counsel again declared a doubt as to appellant's competency pursuant to section 1368 on May 29, 2019, and the court ordered another psychological examination of appellant.  On July 2, 2019, the court found appellant competent to stand trial based on the evaluation report.

At the August 13, 2019, trial readiness hearing, appellant's counsel made the following representation:  "Judge, we are considering a court trial, and I have discussed it with [appellant].  He is on board for that at this moment in order to get the trial facilitated."  Although appellant was present in court, the court did not attempt to take a waiver at that time, noting that the People also have a right to a jury trial.  Instead, the court stated it would "relay that message to the assigned D.A. to see if everybody will agree to a court trial," and continued the matter for trial to the following Monday.

After several short continuances, the parties returned for trial on August 28, 2019.  Before the matter was sent to a trial department, the following exchange occurred:

"THE COURT:  And this will be a court trial?

"[APPELLANT'S COUNSEL]:  I anticipate that.

"THE COURT:  Would you be willing to let me go through that with [appellant] at this point?

"[APPELLANT'S COUNSEL]:  Yes.

"THE COURT:  All right.  So, [appellant], your attorney has indicated that you are willing to waive your right to a jury on this case, and you'd like to have this case tried in front of just the judge.  Is that correct?

"[APPELLANT]:  Yes.

"THE COURT:  All right.  So you are willing to not have a jury and just have a judge make the decision, correct?

"[APPELLANT]:  Yes."

After the matter was out for trial, the following exchange occurred in the trial department:

"[APPELLANT'S COUNSEL]:  …  I just want to put one thing on the record before we do anything.

"THE COURT:  Okay.

"[APPELLANT'S COUNSEL]:  We were in Department 1 this morning, and [appellant] waived jury in regard to this particular case and considered a court trial, and that's why we don't have a jury here because we waived the jury.  That's all I wanted to put.

"THE COURT:  That was—help me there.  That was all on the record this morning, I presume.

"[APPELLANT'S COUNSEL]:  It was.

"THE COURT:  We were informed it was a court trial.  I'm assuming that was handled.  Thank you for that.  That clarifies any record at this time.  And certainly if somebody has to review this, it would hopefully get all that.  [¶]  [Deputy D.A.], any comment on that?

"[DEPUTY D.A.]:  Yeah.  I believe—to reiterate [appellant's counsel's] statement, the Court did take a waiver from [appellant] for a waiver of the jury trial.  They did not take one from the People yet.  The People would waive jury trial at this time as well.

"THE COURT:  That's on the record.  The People have waived as well.  We're before a judge, no jury present.  This is a court trial to be conducted

4.

just the same, obviously just without the jury. It will certainly proceed quicker because there will be no voir dire, et cetera, and things like that. Everything else is the same, same standard of proof, et cetera, et cetera."

The matter then proceeded to court trial without further mention of appellant's jury trial waiver.

After the presentation of evidence, the court found appellant guilty of both offenses, and found true the great bodily injury enhancement as to each offense. However, the court found true only one of the prior prison term enhancements.

At sentencing, the court set the assault by means of force likely to produce great bodily injury conviction (count 2) as the principal term and imposed the aggravated term of four years. The court also imposed three years for the great bodily injury enhancement, and one year for the prior prison term enhancement, for a total sentence of eight years. The court imposed the aggravated term for the battery causing serious bodily injury conviction (count 1) but stayed it pursuant to section 654.

## DISCUSSION

### I. The record affirmatively demonstrates appellant's waiver of his right to a jury trial was knowing, intelligent, and voluntary.

"Under the federal Constitution and our state Constitution, a defendant in a criminal prosecution has a right to a jury trial. [Citations.] However, a 'jury may be waived in a criminal cause by the consent of both parties expressed in open court by the defendant and the defendant's counsel.' " (*People v. Sivongxxay* (2017) 3 Cal.5th 151, 166 (*Sivongxxay*).) "[A] defendant's waiver of the right to jury trial may not be accepted by the court unless it is knowing and intelligent, that is, ' " 'made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it,' " ' as well as voluntary ' " 'in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception.' " ' " (*People v. Collins* (2001) 26 Cal.4th 297, 305.)

In *Sivongxxay*, our high court offered "general guidance to help ensure that a defendant's jury trial waiver is knowing and intelligent, and to facilitate the resolution of a challenge to a jury waiver on appeal." (*Sivongxxay*, *supra*, 3 Cal.5th at p. 169.) "Going forward, we recommend that trial courts advise a defendant of the basic mechanics of a jury trial in a waiver colloquy, including but not necessarily limited to the facts that (1) a jury is made up of 12 members of the community; (2) a defendant through his or her counsel may participate in jury selection; (3) all 12 jurors must unanimously agree in order to render a verdict; and (4) if a defendant waives the right to a jury trial, a judge alone will decide his or her guilt or innocence. We also recommend that the trial judge take additional steps as appropriate to ensure, on the record, that the defendant comprehends what the jury trial right entails. A trial judge may do so in any number of ways—among them, by asking whether the defendant had an adequate opportunity to discuss the decision with his or her attorney, by asking whether counsel explained to the defendant the fundamental differences between a jury trial and a bench trial, or by asking the defendant directly if he or she understands or has any questions about the right being waived." (*Id*. at pp. 169–170.)

The high court clarified, however, that its guidance "is not intended to limit trial courts to a narrow or rigid colloquy." (*Sivongxxay*, *supra*, 3 Cal.5th at p. 170.) "Our precedent has not mandated any specific method for determining whether a defendant has made a knowing and intelligent waiver of a jury trial in favor of a bench trial. We instead examine the totality of the circumstances." (*Id.* at p. 167.) "[W]hether or not there is an intelligent, competent, self-protecting waiver of jury trial by an accused must depend upon the unique circumstances of each case." (*Adams v. United States ex rel. McCann* (1942) 317 U.S. 269, 278.)

After reviewing the entire record, we conclude appellant's waiver of the right to a jury trial was knowing, intelligent, and voluntary. The trial court advised appellant that if he waived his right to a jury trial, his trial would be in front of only a judge, and the judge

would decide the question of guilt. While we recognize the trial court's advisement fell short of the Supreme Court's guidance in *Sivongxxay*, it highlighted for appellant the fundamental difference between a jury trial and a court trial. Considered in light of the totality of the circumstances, this advisement supports our conclusion appellant was fully aware of the nature of his right to a jury trial and the consequences of waiver.

The "assistance [of counsel] is undoubtedly a relevant consideration in finding a jury trial waiver to be knowing and intelligent." (*People v. Daniels* (2017) 3 Cal.5th 961, 1024 (conc. & dis. opn. of Corrigan, J.), citing *Adams v. United States ex rel. McCann*, *supra*, 317 U.S. 269, 277.) The role of appellant's counsel in the waiver process was particularly significant here. Prior to waiving jury, appellant had been represented by the same attorney for over a year and had appeared with him in court over a dozen times. Two weeks before entering the waiver, counsel informed the court he and appellant "are considering a court trial," that he had "discussed it" with appellant, and that appellant was "on board." This demonstrates appellant and counsel had ample time to discuss the possibility of waiving the right to a jury trial and the consequences of such a waiver. Moreover, appellant's interest in waiving jury to "get the trial facilitated" suggests appellant was aware that waiving jury would result in a less cumbersome judicial process, and lead to a faster resolution of his case.

Appellant contends this case is analogous to *Daniels*, where the trial court gave the defendant a similar advisement of rights prior to accepting the defendant's jury waiver. (*People v. Daniels*, *supra*, 3 Cal.5th at pp. 986–989, 994 (lead opn. of Cuéllar, J.).) However, the defendant in *Daniels* had waived his right to counsel and was self-represented when he waived jury. (*Id.* at p. 996.) *Daniels* highlighted the importance of counsel in this context: "A proper weighing of the totality of the circumstances forces us to take into account Daniels's lack of representation, even if it was his own choice to exercise his right to self-representation. The sparseness of the colloquy's substance in this case is especially conspicuous given that Daniels was without the benefit of counsel

7.

when he proffered his waiver.  Counsel plays a crucial part in transmitting information to the client.  Time and time again, our precedent has recognized as much, incorporating within the totality of relevant circumstances not only the fact of representation by counsel, but also record references to discussions between counsel and defendant." (*Ibid*.)  Unlike the defendant in *Daniels*, appellant was represented by counsel, and the record establishes appellant and counsel discussed waiving jury well in advance of the actual waiver.  Also unlike *Daniels*, where the judge first "broached the issue" of waiver, appellant's counsel was the first party to raise the jury waiver as a possibility.  (*Id.* at p. 993.)

A defendant's "prior experience with the criminal justice system" is also relevant to whether waiver was knowing and intelligent.  (*Sivongxxay*, *supra*, 3 Cal.5th at p. 167.)  Prior to waiving jury in the instant matter, appellant entered no contest pleas in felony matters in 2010, 2014, and 2015.[2]  During each plea colloquy, appellant acknowledged and waived his right to a jury trial.  Moreover, in each case appellant was represented by counsel who was duty bound to advise appellant of his right to a jury trial.  (See *People v. Pope* (1979) 23 Cal.3d 412, 425 [observing a criminal defense attorney has a duty to advise a client of his or her rights], overruled on another ground in *People v. Berryman* (1993) 6 Cal.4th 1048, 1081, fn. 10.)  Appellant has also suffered misdemeanor

---

[2]    The record supports our conclusion appellant suffered these convictions even though the trial court found not true the section 667.5, subdivision (b) enhancements based on appellant's 2014 and 2015 convictions.  At trial, the People submitted certified records establishing appellant pled no contest in the 2014 and 2015 matters.  The probation report also states appellant was convicted of these offenses, and appellant did not object to this aspect of the probation report at sentencing.

The trial court did not explain why it found the allegations not true, and it was under no obligation to do so.  While we do not speculate on the trial court's reasoning, we note the People's burden was to prove beyond a reasonable doubt not only the truth of the prior conviction, but that appellant served a "separate prison term."  (§ 667.5, subd. (b).)

convictions in over a dozen prior criminal matters dating back to 2007. This extensive experience with the criminal justice system strongly supports the conclusion appellant was aware of the nature of his right to a jury trial and the consequences of waiving it in favor of a court trial.

Appellant contends his history of mental health issues weighs against finding his jury waiver was knowing and intelligent. While we agree mental health history may be a relevant consideration, it does not impact our conclusion here. The court found appellant regained competency months before he waived jury, and nothing in the record suggests appellant was no longer competent or that he was otherwise impacted by his mental health issues at the time he entered the waiver.

The record affirmatively shows appellant understood the nature of his right to a jury trial and the consequences of waiving that right. Appellant was represented by counsel who was obligated to advise appellant of his jury trial right, and the record establishes appellant discussed the waiver decision with counsel well in advance. Considering the assistance appellant received from counsel in conjunction with the advisement by the trial court and appellant's extensive experience in the criminal justice system, we conclude appellant's jury trial waiver was knowing and intelligent.

## II. The Prior Prison Term Enhancement Must Be Stricken in Light of Senate Bill No. 136 and Senate Bill No. 483.

Appellant contends his prior prison term enhancement must be stricken in light of Senate Bill No. 136 (2019-2020 Reg. Sess.). Effective January 1, 2020, Senate Bill No. 136 amended section 667.5, subdivision (b) such that a one-year prior prison term enhancement now only applies if a defendant served a prison term for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). Senate Bill No. 136 is silent as to retroactivity, but appellant contends it applies retroactively to judgments not final on appeal. (See *In re Estrada* (1965) 63 Cal.2d 740, 742.)

While this appeal was pending, the Legislature enacted Senate Bill No. 483 (2021-2022 Reg. Sess.), which extended the modifications brought about by Senate Bill No. 136 to all judgments, including judgments already final on appeal.  Effective January 1, 2022, Senate Bill No. 483 added section 1171.1, which states:  "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense … is legally invalid."  (§ 1171.1, subd. (a).)

Appellant's prior prison term enhancement was based on a conviction for carrying a concealed dirk or dagger (former § 12020, subd. (a)(4)), which is not a sexually violent offense.  Therefore, in light of Senate Bill No. 136 and Senate Bill No. 483, we remand this matter for the trial court to strike the enhancement under section 667.5, subdivision (b), and to resentence appellant.

### III.　On remand, appellant may address the applicability of Assembly Bill No. 518 and Senate Bill No. 567.

In supplemental briefing, appellant contends remand and resentencing are required pursuant to two legislative enactments that became effective while this appeal was pending:  Assembly Bill No. 518 (2021-2022 Reg. Sess.), and Senate Bill No. 567 (2021-2022 Reg. Sess.).  Assembly Bill No. 518 amended section 654 to give trial courts discretion not to impose the provision providing for the longest term of imprisonment.  (§ 654, subd. (a).)  Senate Bill No. 567 amended section 1170 such that the trial court may only impose the aggravated term where aggravating circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt at a jury or court trial.  (§ 1170, subd. (b)(1) & (2).)

Respondent concedes the enactments apply retroactively to this case, as it was not final on appeal before these enactments became effective on January 1, 2022.  (See *In re Estrada*, *supra*, 63 Cal.2d 740.)  Respondent contends, however, that remand is

unnecessary because the result would not have been different even if the new laws had been in effect at the time appellant was sentenced.

We need not address whether remand is appropriate based on these enactments because we have already determined remand and resentencing are necessary. Our high court explained in *People v. Buycks*, *supra*, 5 Cal.5th at p. 893 that "when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " If appellant so chooses, he may raise his claims regarding the applicability of Assembly Bill No. 518 and Senate Bill No. 567 in the trial court during resentencing.

We take no position on how the trial court should exercise its sentencing discretion when it resentences appellant.

## **DISPOSITION**

Appellant's sentence is vacated and this matter is remanded for resentencing. The trial court shall strike the enhancement imposed under section 667.5, subdivision (b). Following resentencing, the trial court shall forward a new abstract of judgment to the appropriate authorities. In all other respects, appellant's judgment is affirmed.